IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | | |
|---|---|---|---|
| ROGER SCHAEFER, | S | | |
| Plaintiff | S | | |
| | S | | |
| v. | S | CA-CV-H: _____ | |
| | S | | Jury |
| OCCIDENTAL OIL AND GAS | S | | |
| CORPORATION, ANADARKO | S | | |
| PETROLEUM CORPORATION, | S | | |
| ANADARKO PETROLEUM | S | | |
| CORPORATION CHANGE OF | S | | |
| CONTROL SEVERANCE PLAN, and | S | | |
| ANADARKO PETROLEUM | S | | |
| CORPORATION HEALTH AND | S | | |
| WELFARE BENEFITS | S | | |
| ADMINISTRATIVE COMMITTEE, | S | | |
| Defendants | S | | |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW ROGER SCHAEFER ("Schaefer"). Plaintiff, and complains of OCCIDENTAL OIL AND GAS CORPORATION, ANADARKO PETROLEUM CORPORATION, ANADARKO PETROLEUM CORPORATION CHANGE OF CONTROL SEVERANCE PLAN, and ANADARKO PETROLEUM CORPORATION HEALTH AND WELFARE BENEFITS ADMINISTRATIVE COMMITTEE, Defendants, as follows:

I.

JURISDICTION

1.      This court has jurisdiction over the subject matter of this lawsuit pursuant to The Employee Retirement Income Security Act of 1974, ("ERISA") as amended, 29 USC Section 1001 et seq., and the court's pendent jurisdiction.

II.

PARTIES

The Plaintiff

Page 2

2.      Plaintiff Roger Schaefer is an individual residing in Harris County, Texas.

3.      Plaintiff Roger Schaefer is a "participant" as that term is defined in 29 USC Section 1002(7).

4.      Plaintiff Roger Schaefer further is a "beneficiary" as that term is defined in 29 USC Section 1002(8).

<u>The Defendants</u>

5.      Defendant Occidental Oil and Gas Corporation ("Occidental") is an active, for profit, business entity engaged in an industry affecting commerce and is an "employer" within the meaning of 29 USC Section 1002(5).

6.      Defendant Occidental Oil and Gas Corporation further is a "plan sponsor" as that term is defined in 29 USC Section 1002(16)(B).

7.      At all times relevant to this lawsuit Defendant Occidental Oil and Gas Corporation maintained an "employee welfare benefit plan" or a "welfare plan" as those terms are defined in 29 USC Section 1002(1)(A).

8.      At all times relevant Defendant Occidental Oil and Gas Corporation's employee welfare benefit plan which is the subject of this lawsuit was known as the Anadarko Petroleum Change of Control Severance Plan and is referenced in this lawsuit as the "Plan."

9.      Defendant Occidental Oil and Gas Corporation may be served with process by serving its Registered Agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

10.      At all relevant times the Plan was sponsored by Defendant Anadarko Petroleum Corporation ("Anadarko"), or, alternatively, by Defendant Occidental Oil and Gas Corporation as the successor in interest and / or liability of Anadarko.

11.      Defendant Anadarko Petroleum Corporation is an active, for profit, business entity engaged in an industry affecting commerce and is an "employer" within the meaning of 29 USC Section 1002(5). Alternatively, Anadarko was the predecessor in interest and/ or liability of

Page 3

Defendant Occidental Oil and Gas Corporation.

12.     Defendant Anadarko Petroleum Corporation further is a "plan sponsor" as that term is defined in 29 USC Section 1002(16)(B).

13.     At all times relevant to this lawsuit Anadarko Petroleum Corporation maintained an "employee welfare benefit plan" or a "welfare plan" as those terms are defined in 29 USC Section 1002(1)(A).

14.     At all times relevant Defendant Anadarko Petroleum Corporation's employee welfare benefit plan which is the subject of this lawsuit was known as the Anadarko Petroleum Change of Control Severance Plan and is referenced in this lawsuit as the "Plan."

15.     Defendant Anadarko Petroleum Corporation may be served with process by serving its Registered Agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

16.     At all relevant times the Plan was sponsored by Defendant Anadarko Petroleum Corporation, or, alternatively, by Defendant Occidental Oil and Gas Corporation as the successor in interest and / or liability of Anadarko.

17.     Defendant Anadarko Petroleum Change of Control Severance Plan may be served with process by serving the Anadarko Petroleum Change of Control Severance Plan at 350 North Saint Paul, Dallas, Texas 75201.

18.     Defendant Anadarko Petroleum Corporation Health and Welfare Benefits Administrative Committee may be served with process by serving the Anadarko Petroleum Corporation Health and Welfare Benefits Administrative Committee at 350 North Saint Paul, Dallas, Texas 75201.

III.

VENUE

19.     Venue of this action is proper in this judicial district because the parties to this lawsuit reside or transact business in this judicial district; the actions, events, and developments

Page 4

which have given rise to the causes of action sued upon occurred in this judicial district; and the causes of action upon which Plaintiff sues accrued in this judicial district.

20.     Venue is also proper pursuant to 29 USC Section 1132(e)(1).

IV.

NATURE OF LAWSUIT

21.     Plaintiff seeks redress for violations by the Defendants of his ERISA rights, common law causes of action, and an action declaring his rights under the Anadarko Petroleum Change of Control Severance Plan pursuant to ERISA and the Federal Declaratory Judgment Act, as amended, 28 USC Section 2201(a), and 29 USC Section 1132(a)(1)(B).

V.

FACTS

Roger Schaefer's Employment with Anadarko and Occidental

22.     Plaintiff hired on with Anadarko in Harris County, Texas in April 1996. For twenty (20) years, he worked for Anadarko in Algeria. Starting with 2005 Schaefer began to develop medical issues and complications necessitating hospitalization in Europe and the United States, and time off from work. Nevertheless, he continued to stay employed with Anadarko.

23.     In Algeria, Schaefer worked for Anadarko and Occidental as Operations Manager supervising 1000 employees.

24.     In August 2019 Occidental purchased Anadarko and in this fashion Schaefer became an employee of Occidental. Schaefer continued to work in Algeria, this time for Occidental, on and off.

25.     After August 2019, Occidental adopted cost savings measures, including reductions in salaries and massive lay-offs. In February 2021 Schaefer returned to the United States to take care of his property which had been impacted by the Great Texas Freeze of February 2021. Thereafter, Occidental did not redeploy Schaefer to Algeria. Rather, it offered him a materially different position in the United States, known as Advisor Operations, Sr.

Page 5

26.     Upon determining a glaring gap between his job tile and duties in Algeria and the new job title and duties offered him in the United States, Schaefer believed that he was entitled to severance under the Plan, namely the Change of Control Severance Plan.

27.     On August 5, 2021, Schaefer tendered to Occidental and its Plan Administrator a claim seeking severance payments under the Plan. Schaefer's claim stated the following:

Benefits Administrator
Anadarko Petroleum Corporation Health and Welfare Benefits
Occidental Petroleum
Administrative Committee
1201 Lake Robbins Drive
The Woodlands, Texas 77380

    Re.:    Claim for Benefits under the Company's Change of Control Severance Plan

Dear Benefits Administrator:

    I am making a formal demand for payment of benefits under the Company's Change of Control Severance Plan of January 1, 2011, as amended. The Plan states that "if you believe that you are eligible to receive Separation Benefits … you may file a claim for Separation Benefits with the Plan Administrator."

    By way of background, I have worked for Anadarko since April 1, 1996. In 2019 Occidental bought Anadarko. At that time I was working in Algeria as Operations Manager and had about 1000 employees report to me through my ten (10) direct reports.

    Recently, Occidental repatriated me and, on June 3, 2021, offered me the position of Advisor Operations Sr. In this position I am to work on the Gulf of Mexico Standard Resources Team. The position offered is materially different from the job I held in Algeria. Specifically, as a result of my new position there has been a material and adverse reduction in my duties and responsibilities as compared to those I performed immediately prior to the Change of Control.

    Consequently, I believe I am entitled to Separation Benefits.

    In Algeria, I had ten (10) direct reports and 1000 employees reporting to me through those ten reports. I was in charge of several departments. Now, I have been assigned to a lesser position. In Algeria I received significantly higher pay, which, in addition to my base salary, consisted of a desert premium and tax protection. My desert pay was 40% of my base pay. I do not receive, in my new position, any compensation in addition to the base salary or tax protection.

Page 6

Accordingly, I believe I am eligible for Separation Benefits because: (1) I am not a key employee; (2) I am not covered by a Collective Bargaining Agreement; (3) within three (3) years of the Change of Control my employment ended, but also within one year of the Change of Control; (4) my employment terminated  for Good Reason; (5) I initiated my termination within ninety days of the event triggering my right to terminate for Good Reason.

My termination occurred as a result of early retirement at age 57 and was caused and compelled by Good Reason. The Plan defines Good Reason, among others, as "a material and adverse reduction of your duties and responsibilities as compared to those immediately prior to the Change of Control." This applies to my situation based on the facts and explanation provided above.

The Plan additionally defines Good Reason as "a material reduction in the aggregate value of your Base Salary plus Total Target Incentive Compensation compared to such value immediately prior to the Change in Control." There has been a significant reduction in the aggregate value of my compensation. My new compensation package is at least 40% less in value than my overall compensation package in Algeria. Additionally, there is no tax protection provided for my new position.

But for the Good Reason, my retirement from Occidental would have occurred at age 66.

Based on the foregoing, I believe I am entitled to Separation Benefits.

NOTE: If you believe that the above analysis and circumstances do not qualify me for Separation Benefits under the January 2011 Anadarko Plan, as amended, I am making my request for Separation Benefits under any other applicable Change in Control Plans or related Plans which Anadarko or Occidental had in effect during my employment. There are different Plans which I have been able to access.

I believe that all contingencies to receiving Separation Benefits have been met.

Please process my claim and advise of your decision. I may be reached by phone at (------ -------------), email (------------------) or mail at (---------------) Spring, Texas 77389.

Thank you for your consideration.

Roger Schaefer //s// August 5, 2021

28      On November 3, 2022 a letter was emailed to Schaefer advising him that the

Administrative Committee had not yet ruled on his claim but that "a response will be provided as

soon as administratively possible."

Page 7

29.     The Plan, effective January 1, 2011, states that "in the case of the denial of a claim respecting benefits paid or payable to or on behalf of a Participant, a written notice will be furnished to the Participant or other appropriate Person, within 90 days of the date on which the claim is received by the Plan Administrator. If special circumstances (such as for a hearing) require a longer periods, the Claimant will be notified in writing, prior to the expiration of the 90-day period, of the reasons for an extension of time; provided, however, that no extension will be permitted beyond 90 days after expiration of the initial period." The new deadline was February 1, 2022.

30.     As of the filing of the suit, Defendants have not denied Schaefer's claim, nor have they confirmed that he is entitled to benefits under the Plan.

31.     Nevertheless, as of the filing of the suit, Schaefer has not been provided his severance benefits under the Plan which Schaefer believes would amount o $800,000.

VI.

PLAINTIFF'S ERISA CAUSE OF ACTION UNDER 29 USC SECTION 1140

32.     Schaefer realleges all factual allegations made in the preceding paragraphs and would show that all Defendants are liable to him jointly and severally for violations of 29 USC Section 1140 which states, in relevant part, that "it shall be unlawful for any person to … discriminate against a participant or beneficiary … or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this title …"

33.     At all times relevant, Schaefer was a participant under the Plan.

34.     At all relevant times, Defendants were, in the alternative, and in the singular, an employer and a plan sponsor under ERISA and the Plan was an employee welfare benefits plan. They wrongfully interfered with Schaefer's rights and benefits under the Plan for the specific

Page 8

purpose of depriving him of existing and future benefits under the Plan.

35.    Defendants' actions proximately caused Schaefer actual and compensatory damages. Moreover, Defendants' actions were perpetrated with malice or with reckless disregard for Schaefer's rights and, as such, Schaefer requests that the court allow exemplary damages against Defendants on this count.

36.    Accordingly, Schaefer seeks actual damages, recovery of benefits, reasonable and necessary attorneys' fees, interest, and expenses.

VII.

PLAINTIFF'S ERISA CAUSE OF ACTION UNDER 29 USC SECTION 1132

37.    Additionally, Schaefer brings this claim against Defendants pursuant to 29 USC Section 1132(a) (1) and (3) to enjoin acts and practices of the Defendants which violate the Employee Retirement Income Security Act, as amended, or the terms of the Plan; to obtain other appropriate equitable relief; and to enforce any applicable provisions of ERISA and the terms of the Plan.

38.    Schaefer additionally brings a claim under 29 USC Section 1132 to recover benefits due under the terms of the Plan; to enforce his rights under the terms of the Plan; to clarify rights to future benefits under the Plan; and failure to inform Schaefer of his rights.

VIII.

PLAINTIFF'S CLAIM FOR BREACH OF FIDUCIARY DUTY

39.    Schaefer further realleges the factual allegations made above and would show that Defendants, were, at all relevant times, fiduciaries as defined in 29 USC Section 1102, or, alternatively, under the common law of the State of Texas, and owed Schaefer the fiduciary duties enumerated in 29 USC Section 1004, as well as those established and recognized under the common law of the State of Texas.

40.    Among others, Defendants breached their fiduciary duty to Schaefer by failing,

Page 9

intentionally, to appraise him of his rights and intentionally not rule on his claim.

41.     Schaefer has been harmed by Defendants' breach of their fiduciary duties to them. Accordingly, he seeks to recover from Defendants all damages commonly available to him under Texas common law for breach of fiduciary duty, including disgorgement.

IX.

PLAINTIFF'S CLAIM FOR DECLARATORY JUDGMENT

42.     Schaefer further realleges all factual allegations made above and would respectfully move the court for a Declaration of his rights under the Plan. This plea is made pursuant to  28 USC Section 2201(a) which states, in relevant part, that "(i)n a case of actual controversy within its jurisdiction, …, any court of the United States, …, may declare the rights and other legal relations of any interested party seeking such declaration …"

43.     Accordingly, Schaefer seeks a Declaration from the District Court regarding his rights and entitlement to benefits under the Plan, ERISA, and, more specifically, that his rights have been violated; that he is entitled to future benefits under the Plan; that Defendants may not interfere with his rights under the Plan in the future.

44.     More particularly, under 29 USC Section 1132(a)(1)(B) Schaefer seeks a Declaration enabling him "to recover benefits due him under the terms of [the] plan, to enforce [his] rights under the terms of the plan, [and] to clarify [his] rights to future benefits under the terms of the plan."

X.

DAMAGES

45.     Schaefer is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' unlawful practices unless and until this court grants relief.

XI.

JURY DEMAND

Page 10

      46.     Schaefer respectfully demands a trial by jury.

XII.

PRAYER FOR RELIEF

      47.     WHEREFORE, PREMISES CONSIDERED, Plaintiff Roger Schaefer respectfully prays that Defendant Occidental Oil and Gas Corporation, Defendant Anadarko Petroleum Corporation, Defendant Anadarko Petroleum Change of Control Severance Plan, and Defendant Anadarko Petroleum Corporation Health and Welfare Benefits Administrative Committee be cited to appear and answer and that on final trial Plaintiff be granted relief as follows:

      1.     Judgment declaring that the acts and practices described herein violate The Employee Retirement Income Security Act of 1974, as amended, 29 USC Section 1001 et seq.;

      2.     Judgment enjoining and permanently restraining these violations;

      3.     Judgment directing Defendants to pay Plaintiff actual, compensatory, liquidated, and punitive damages on all counts, whether statutory or common law, and benefits under the Plan;

      4.     Judgment clarifying Plaintiff's rights under the Plan and a Declaration that they are entitled to future benefits under the Plan;

      5.     Costs of suit and reasonable attorney's fees;

      6.     Prejudgment and postjudgment interest as provided by law; and

      7.     Such other and further relief, in law and in equity, to which Plaintiff may be justly entitled.

          Respectfully submitted,

          BY: //ss// ***peter costea***
          _____
          Peter Costea
          TBN 04855900
          4544 Post Oak Place, Suite 350

Page 11

Houston, Texas 77027
Tel. 713-337-4304
Fax 713-237-0401
Email: peter@costealaw.com
ATTORNEY FOR PLAINTIFF
ROGER SCHAEFER